IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ULISES LOPEZ-SANCHEZ,

    **Plaintiff,**

    v.                             CASE NO. 25-3035-JWL

DAVID M. CHACKO, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On March 19, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 9).

Plaintiff's allegations and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff's claims relate to medical care he received for his left eye in 2021 and 2022. As Count I, Plaintiff claims medical malpractice and cruel and unusual punishment. As Count II, Plaintiff alleges Fourth and Fourteenth Amendment violations, with his "state action claim" as support. Plaintiff acknowledges that he brought a medical malpractice claim in state court that was dismissed in 2023.

Plaintiff alleges that the defendants' "lack of concerns or the remarkable inadequate disclosures" caused Plaintiff to decline treatments or procedures. (Doc. 1, at 9.) Plaintiff claims that defendants' negligence caused him to lose all sight from his left eye. *Id.* Plaintiff claims that before defendants started the treatments, he had vision in his left eye. *Id.* Plaintiff names as

defendants David M. Chacko, Eye Specialists Associates, P.A.; and Eye Specialists Associates, P.A.  Plaintiff seeks compensatory and punitive damages.  (Doc. 1, at 5.)

The Court found in the MOSC that Plaintiff brought these same claims in state court.  *See Lopez-Sanchez v. Centurion of Kansas, LLC,* Case No. BU-2023-CV-000053 (District Court of Butler County, Kansas).   Plaintiff filed his "Medical Malpractice/Medical Negligence Tort" petition on February 22, 2023.  Plaintiff named David M. Chacko as a defendant in his state case.  On December 1, 2023, the state court entered a Journal Entry of Dismissal Without Prejudice.  Regarding Defendant David M. Chacko, MD, the state court found that Plaintiff failed to effect proper service of process on Defendant Chacko and dismissed Plaintiff's action against him without prejudice.

In his state court malpractice petition, Plaintiff alleges that:

> Plaintiff began seeking medical treatment for his eye condition on approx. December 12, 2021.   Following a medical procedure performed on approx. April 8, 2022, plaintiff lost vision in his left eye and due to what plaintiff describes as medical malpractice/medical negligence/deliberate indifference to his serious medical needs, he is also losing vision in his right eye.  Plaintiff became reasonably aware of the extent of the injuries complained of in April 2022.

*Id*. at petition, at 2.

Plaintiff filed the instant § 1983 action on February 28, 2025.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1]  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, it was reinstated prior to the events underlying the claims in this case.  *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021).   The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32.  The AO reinstated the statute of limitations effective April 15, 2021.

state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff's alleged violations occurred in April 2022. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The Court found in the MOSC that Plaintiff failed to allege facts suggesting that he would be entitled to statutory or equitable tolling. *See Caballero v. Wyandotte Cty. Sheriff's Dep't*, 2018 WL 5311883, at n.1 (D. Kan. 2018) ("If this were a petition for a writ of habeas corpus rather than a civil rights suit, the limitation period would be tolled while Plaintiff was pursing his state remedies. With a § 1983 action, Plaintiff must have exhausted all *administrative* remedies provided by the Wyandotte County Jail before filing suit; state court exhaustion is not required, nor does it toll the limitation period."). In his response, Plaintiff does not allege that he is entitled to tolling of the limitations period.

The Court also found in the MOSC that Plaintiff failed to provide factual support to suggest the doctor was deliberately indifferent or even negligent. In his response, Plaintiff reargues the merits of his claim and argues that Dr. Chacko was contributorily negligent and his actions were "negligently done." (Doc. 9, at 3.) In the MOSC, the Court found that the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Plaintiff names as a defendant "David M. Chacko acting as Eye Specialists Ass., P.A.," and also names as a defendant "Eye Specialists Ass., P.A. c/o David M. Chacko, M.D." (Doc. 1, at 1–2.) Plaintiff claims that on March 28, 2022, he "was taken to the offices of Eye Specialists Ass., P.A., 2214 Canterbury Drive, Suite 312, Hays, Kansas 67601[,] where David M. Chacko,

M.D. injected the Plaintiff's left eye" and that "David M. Chacko's office/or place of business is located at 655 North Woodlawn, Wichita, Kansas 67200." (Doc. 1–1, at 5.)  It is unclear how Dr. Chacko is affiliated with Eye Specialists, in light of the two different addresses.  Dr. Chacko's motion to dismiss Plaintiff's state court action states that "Dr. Chacko does not work for Eye Specialists Associated, PA."  *See Lopez-Sanchez v. Centurion of Kansas, LLC,* Case No. BU-2023-CV-000053 (District Court of Butler County, Kansas) (Defendant David M. Chacko, M.D.'s Motion to Dismiss filed August 25, 2023).  The Court found in the MOSC that Plaintiff failed to allege facts showing a policy or a custom of the company that caused his injury and failed to show how Eye Specialists Associates, P.A., was involved in his claims.

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.  Plaintiff's response fails to address the deficiencies noted in the MOSC and fails to show good cause why his Complaint should not be dismissed for failure to state a claim. [2]

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 21, 2025, in Kansas City, Kansas.**

$\underline{\text{S/ John W. Lungstrum}}$
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] A dismissal as time-barred is for failure to state a claim and is a strike.  *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).